## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | 2:15-cr-00006-JMS-CMM-1 |
| vs. ) | |
| ) | |
| CHRISTOPHER S. CRITCHLOW, ) | |
|     Defendant ) | |

## **REPORT AND RECOMMENDATION**

A hearing was convened in this matter on June 29, 2021, on a Petition for Warrant for Offender Under Supervision filed on June 24, 2021 [Doc. 75]. A warrant was issued for the defendant's arrest and the Court set this matter for an initial appearance. The matter was referred to the Magistrate Judge for hearing pursuant to 18 U.S.C. 3401(i) on June 24, 2021 [Doc. 77]. The June 29, 2021 proceeding was both an initial appearance and, by agreement of the parties, a hearing on the defendant's alleged violation of the terms or conditions of his sentence while on supervised release.

The Government appeared by Cindy Cho, Assistant United States Attorney; the defendant, Christopher S. Critchlow ("Defendant") appeared in person (in custody) and by counsel, William Dazey of the Federal Community Defender's Office. Jennifer Considine was present on behalf of the U. S. Probation Office.

The Government and defense counsel advised the Court that the parties had reached a partial agreement by which the Government would dismiss Violation #1 in the Petition and defendant would admit the allegations of Violation #2. There was no agreement regarding disposition upon that admission.

The Court advised the defendant of his constitutional rights. The defendant answered preliminary questions to ascertain his ability to understand the proceedings. The defendant was provided a copy of the petition, represented that he had an opportunity to review the petition with his counsel, and waived his right to a preliminary hearing. The defendant was sworn in and his testimony heard. He admitted to Violation #2 in the Petition submitted by U. S. Probation Officer Considine.

The Court was satisfied that the defendant had sufficient time to meet with counsel, review the nature of the violation cited in the petition, and to consider whether to admit the violation. The Court reviewed with the defendant the violation alleged, i.e., #2. The Court finds that the defendant, after being placed under oath, and having sufficient time to consult with counsel, made a knowing, intelligent and voluntary admission of Violation #2 cited in the Petition.

The undersigned recommends to the Court adoption of the following Findings of Fact and Conclusions of Law:

## **Findings of Fact**

1. The defendant, Christopher S. Critchlow, was sentenced on October 23, 2015, in the U. S. District Court for the Southern District of Indiana, Terre Haute Division, on the charge of Possession of a Firearm by a Felon. The original sentence included 92 months of confinement and 12 months of supervised release. The defendant ultimately was released when his sentence was commuted to time served on September 18, 2020. The defendant's supervised release commenced on that date.

2. While on supervised release, the defendant violated the terms of supervised release as follows:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 2. | "You shall be monitored by GPS Monitoring for a period ending September 17, 2021, to commence as soon as practical, and shall abide by all the technology requirements. You may be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities as pre-approved by the probation officer." |
| | On June 21, 2021, this officer received notification from the location monitoring company that a strap and proximity tamper alert had occurred on the equipment assigned to Mr. Critchlow. This officer sent an electronic signal to the device in an attempt to resolve the alert; however, this attempt failed. Contact with the offender was then attempted via telephone, text messages, and through third parties without success. Additional alerts were received from the monitoring center noting a tracker low battery and tracker missed call back. Mr. Critchlow's last position collected through the GPS monitor was a short distance from his residence at 9:17 pm. On June 22, 2021, this officer went to the offender's residence with the assistance of law enforcement to attempt to locate him. Upon arrival Mr. Critchlow was outside of his home without the monitor on his ankle. When questioned about where his monitor was located and what occurred the night prior, he claimed he fell from the roof of his home while working on it. He stated he believed his monitor was on top of an awning on his front porch. While attempting to investigate his claim, the GPS monitor was located under a bush near his porch by the assisting law enforcement officers. Upon examining the monitor this officer noticed one of the clips that hold the strap in place was missing, but the strap had been re-inserted into the monitor. Mr. Critchlow claimed he was unaware of the monitor's exact location until it was discovered by the law enforcement officers. |
| | Mr. Critchlow was directed to report to the probation office so a new GPS monitor could be installed. Upon arrival this officer began discussing the events from the night prior. The offender was asked why he did not call or text this officer after the incident occurred or respond to attempted contacts. He claimed he broke his phone during the fall. This officer then observed the odor of alcohol emanating from Mr. Critchlow. He was asked if he drank alcohol within the last 24 hours, and he denied use. A breathalyzer was then administered and his test registered at .016 BAC. The offender then admitted he had a couple of beers with his neighbor around 3 am. |

3.     The defendant was under supervision of the U.S. Probation Office in the Southern District of Indiana on June 24, 2021, the date on which the Petition was filed.

4. The defendant admitted the allegations contained in the Petition in open court, under oath, and after the advice of counsel.

5. Critchlow's acts violated the terms of supervised release from the original sentence as amended on June 16, 2021 (see explanation below).

6. The Magistrate Judge makes the following observations for the benefit of the District Judge:

> The chronology of events over the last month bear a brief review:
>
> On June 8, 2021, the probation officer filed the first petition regarding this offender because of an incident that occurred on June 7, 2021, that resulted in his arrest by Terre Haute City Police. The matter was referred to the Magistrate Judge for hearing and preparation of a report and recommendation to the District Judge. A hearing was convened on June 15 that resulted in an agreement to defer action on the petition subject to amendment of the terms of supervised release to require GPS monitoring for the remainder of the defendant's supervised release term, i.e., until September 17, 2021. The Magistrate Judge recommended acceptance of the agreement and the District Judge promptly acted to adopt the report and recommendation, ordered the revision of the conditions of release, and issued an amended judgment. [Docs 71-73] As of June 16, the defendant had only to make it three months on the revised terms of supervised release before fully completing his sentence.
>
> Five days later he violated the terms again. As noted, he somehow became separated from the GPS monitoring bracelet. Critchlow testifies that he fell off a roof while attempting to repair a leak and concludes he must have lost the bracelet at that point. Although the story is contorted, it's possible his account is less comprehensible because he also acknowledges drinking heavily during the period in question. (Although the terms of supervised release did not prohibit alcohol consumption, the terms did prohibit intoxication and the defendant's voluntary testimony made clear this could have been another basis cited for violation of the terms.) However the bracelet came off, it was discovered the next day in shrubbery outside the house he occupied with a dead battery. Critchlow also testifies his mobile phone was inoperable after the fall and that was the reason he did not contact the probation officer timely.
>
> The bottom line is that the defendant, having been given a substantial break to get him through the balance of his supervised release term, promptly violated again. The long colloquy during this hearing revealed Critchlow's longstanding battles with alcohol dependency and his desire to get treatment to overcome his addiction. No one challenges the sincerity of Critchlow's admissions and earnest need for help, but such statements are not unusual in the pressure of yet another court appearance with his liberty at stake.
>
> While the defense argued for disposition that would require in-patient counseling and treatment, there seemed to be few options at hand that both addressed the acute need <u>and</u> recognized the defendant's conduct which,

regardless of whether fueled by alcohol consumption, reflected disobedience and defiance of the recently revised terms of supervised release. The Government's argument for an eight-month term of incarceration was reasonable—itself a recommendation at the low threshold of the sentencing guidelines and perhaps an expression of mercy unjustified by recent conduct. All concurred that Critchlow, if sincere and committed to follow through on his mental health needs, could pursue the needed treatment upon release.

For those reasons, a term of incarceration without additional supervised release is appropriate.

7. The defendant was advised that this matter had been referred by the District Judge and that this report would be transmitted to the Court. He was advised that he would have 14 days after submission of the report to file any objections.

## Conclusions of Law

1. The Court finds by a preponderance of the evidence that the defendant violated the terms of supervised release on and after his release from the Bureau of Prisons and while under supervision of the U. S. Probation Office.

2. The violation noted in the Findings of Fact is a Grade C under §7B1.1(b), *United States Sentencing Guidelines* (Chapter 7, Violations of Probation and Supervised Release).

3. The defendant's criminal history under §7B1.4(a) is Category I.

4. The sentencing options for this defendant include a range of imprisonment of eight to 14 months based upon these findings and conclusions. *See,* §7B1.4(a).

5. Based upon these findings and conclusions, the Magistrate Judge recommends that the defendant be sentenced to a term of eight months in the custody of the U.S. Bureau of Prisons. The Magistrate Judge further recommends that the defendant not be placed on further supervised release. To the extent possible, the Magistrate Judge further recommends placement at a facility that can initiate

appropriate evaluation and intervention for alcohol dependency that might provide the defendant further initiative to complete treatment upon his release.

6. In reaching these conclusions, the Magistrate Judge has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the violation of the terms of supervised release in a short time frame], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the defendant's violation and disregard of reasonable rules of supervised release], (a)(2)(c) [to protect the public from further crimes of the defendant], (a)(2)(D) [to provide the Defendant with needed medical care or other correctional treatment], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

## **Recommendation**

The undersigned recommends to the Court adoption of these Findings of Fact and Conclusions of Law and the revocation of the defendant's supervised release and the imposition of term of incarceration of eight months without supervised release at the conclusion of the sentence.

The defendant is ORDERED detained pending the District Court's consideration of this recommendation.

Dated: June 30, 2021

Respectfully submitted,

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

**Distribution to:**
Cindy Cho, U.S. Attorney's Office
William Dazey
Jennifer Considine, U.S. Probation Office
David Lewis, U. S. Marshal's Office